IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 97-50238
Summary Calendar

———————————————

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

RAED FAKHRI ABDEL-HADI
ZAYED, also known as
Raed Fakhri Abdel-Ha
Zayed,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-96-CR-84
- - - - - - - - - -
November 3, 1997
Before DUHÉ, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:*

    Raed Fakhri Abdel-Hadi Zayed argues that the district court erred in denying his motion for a judgment of acquittal because the Government failed to prove beyond a reasonable doubt that he possessed a firearm with knowledge that the weapon's serial number had been obliterated or removed.

———————————————

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The jury's determination that Zayed had knowledge that the serial number on the pistol that he sold to the undercover agent was removed or obliterated was a credibility determination entitled to great deference on appeal. United States v. Harris, 25 F.3d 1275, 1279 (5th Cir. 1994). This determination was supported by the evidence viewed in the light most favorable to the verdict. Id. The district court did not err in denying Zayed's motion for a judgment of acquittal.

Zayed also argues that the district court abused its discretion in admitting extrinsic evidence that he had previously sold a shotgun that was stolen and possessed an obliterated serial number. The evidence admitted was intrinsic evidence because it showed that the instant offense was one of a series of sales by Zayed of stolen weapons containing obliterated serial numbers. The introduction of the evidence was also necessary to complete the story of the crime at trial. The admission of the evidence was not erroneous. See United States v. Morgan, 117 F.3d 849, 861 (5th Cir. 1997).

Even assuming that the evidence was not intrinsic in nature, it was admissible extrinsic evidence because it was relevant to Zayed's knowledge and intent at the time that he possessed the Colt .45 pistol. United States v. Beechum, 582 F.2d 898, 911 (5th Cir. 1978) (en banc). Any prejudice arising from the admission of the evidence was limited by the district court's instruction to the jury during and after the trial that the

evidence was to be considered for limited purposes only.  See

United States v. Buchanan, 70 F.3d 818, 831 (5th Cir. 1995),

cert. denied, 116 S. Ct. 1340 (1996).

Zayed argues that the district court clearly erred in increasing his offense level for the obstruction of justice based on Zayed's presenting perjured testimony at trial.  Zayed argues that he was entitled to exercise his constitutional right to present his version of the events surrounding the transaction.

The district court determined that Zayed's testimony constituted an egregious case of perjury.  Based on the incredulous nature of Zayed's testimony at trial, this determination was not clearly erroneous.  See U.S.S.G. § 3C1.1, comment. (n.3(b)); United States v. Cabral-Castillo, 35 F.3d 182, 186 (5th Cir. 1994).  The district court properly imposed the enhancement for the obstruction of justice.

AFFIRMED.